Fill in this information to identify the case:

Debtor 1: Jasmine Marie Estes
Debtor 2 (Spouse, if filing):
United States Bankruptcy Court for the: Northern District of Ohio (State)
Case number: 23-60492-MAW

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

1. Who is the creditor?  Global Lending Services LLC
   Name of the creditor

2. How much is the debt?
   On the date that the bankruptcy case is filed    $ 13,567.25
   To be paid under the reaffirmation agreement    $ 13,567.25
   $393.15 per month for 45 months (if fixed interest rate)

3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)
   Before the bankruptcy case was filed    13.9500%
   Under the reaffirmation agreement    13.9500%   [X] Fixed rate   [ ] Adjustable rate

4. Does collateral secure the debt?
   [ ] No
   [X] Yes.  Describe the collateral.  2017 KIA SORENTO, VIN: 5XYPGDA50HG211653
            Current market value    $ 15,100.00

5. Does the creditor assert that the debt is nondischargeable?
   [X] No
   [ ] Yes.  Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.

   Income and expenses reported on Schedule I and J

   6a. Combined monthly income from line 12 of Schedule I    $ 3,834.13

   6b. Monthly expenses from line 22c of Schedule J    – $ 3,744.91

   6c. Monthly payments on all reaffirmed debts not listed on Schedule J    – $ —⊘—

   6d. Scheduled net monthly income    $ 89.22
       Subtract lines 6b and 6c from 6a.
       If the total is less than 0, put the number in brackets.

   Income and expenses stated on the reaffirmation agreement

   6e. Monthly income from all sources after payroll deductions    $ 3,834.13

   6f. Monthly expenses    – $ 3744.91

   6g. Monthly payments on all reaffirmed debts not included in monthly expenses    – $ —⊘—

   6h. Present net monthly income    $ 89.22
       Subtract lines 6f and 6g from 6e.
       If the total is less than 0, put the number in brackets.

| Debtor 1 | Jasmine | Marie | Estes | Case number (if known) | 23-60492-MAW |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

7. Are the income amounts on lines 6a and 6e different?
   ☒ No
   ☐ Yes.  Explain why they are different and complete line 10. _____

8. Are the expense amounts on lines 6b and 6f different?
   ☒ No
   ☐ Yes.  Explain why they are different and complete line 10. _____

9. Is the net monthly income in line 6h less than 0?
   ☒ No
   ☐ Yes.  A presumption of hardship arises (unless the creditor is a credit union).
   Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. _____

10. Debtor's certification about lines 7-9

    If any answer on lines 7-9 is Yes, the debtor must sign here.

    If all the answers on lines 7-9 are No, go to line 11.

    I certify that each explanation on lines 7-9 is true and correct.

    x _jasmine_____     x _____
    Signature of Debtor 1              Signature of Debtor 2 (Spouse Only in a Joint Case)

11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?
    ☐ No
    ☒ Yes.  Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
    ☐ No
    ☒ Yes

## Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

x _____     Date _6/20/23_
Signature                               MM / DD / YYYY

Jonathon C. Elgin
0096390
Printed Name

14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
(972) 643-6600
(972) 643-6698
E-mail: consumer7@nationalbankruptcy.com

Check one:
☐ Debtor or Debtor's Attorney
☐ Creditor or Creditor's Attorney
☒ Creditor's Authorized Agent

/s/ *Kiana Witcher*   06/30/2023

Kiana Witcher  Creditor's Authorized Agent

B2400A (12/15)

> Check One.
> ☐ **Presumption of Undue Hardship**
> ☒ **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: Jasmine Marie Estes | § | Case No. 23-60492-MAW |
| Debtor | § | Chapter 7 |
| | § | |
| | § | |

## REAFFIRMATION DOCUMENTS

**Name of Creditor: Global Lending Services LLC**

☐ Check this box if Creditor is a Credit Union

**PART I.  REAFFIRMATION AGREEMENT**

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Motor Vehicle Lien

B. *AMOUNT REAFFIRMED*:  $13,567.25

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before May 10, 2023, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is 13.9500%.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)*     ☒ Fixed Rate     ☐ Variable Rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☒ $ __393.15__ per month for __45__ months starting on __May 13, 2023__

***On the maturity date, all outstanding amounts owed under this reaffirmation agreement shall be immediately due and payable.**

☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

_____
_____
_____

E. Describe the collateral, if any, securing the debt:

Description: 2017 KIA SORENTO, VIN: 5XYPGDA50HG211653

Current Market Value: $15,100.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☒ Yes. What was the purchase price for the collateral? $19,067.68

☐ No. What was the amount of the original loan? $_____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance Due *(including fees and costs)* | $13,567.25 | $13,567.25 |
| Annual Percentage Rate | 13.9500% | 13.9500% |
| Monthly Payment | $393.15 | $393.15 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

_____
_____

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?
Check one. ☒ Yes ☐ No

B. Is the creditor a credit union?
Check one. ☐ Yes ☒ No

C. If your answer to EITHER question A. or B. above is "No" complete 1. and 2. below.

   1. Your present monthly income and expenses are:

      a. Monthly income from all sources after payroll deductions     $3,834.13
         (take-home pay plus any other income)

      b. Monthly expenses     $ 3,351.76
         (including all reaffirmed debts except this one)

      c. Amount available to pay this reaffirmed debt     $ 482.37
         (subtract b. from a.)

      d. Amount of monthly payment required for this reaffirmed debt     $393.15

*If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

   2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

Check one of the two statements below, if applicable:

   ☒ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

_____
_____
_____

Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I (We) hereby certify that:

(1). I (We) agree to reaffirm the debt described above.

(2). Before signing this Reaffirmation Agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3). The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4). I am (We are) entering into this agreement voluntarily and am (are) fully informed of my (our) rights and responsibilities; and

(5). I (We) have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign):

Date  6-13-23  Signature  *Jasmine E.*
Jasmine Marie Estes

Date _____  Signature _____

**Reaffirmation Agreement Terms Accepted by Creditor:**

| Creditor | Global Lending Services LLC *Print Name* | 14841 Dallas Parkway, Suite 425, Dallas, Texas 75254 *Address* |
|---|---|---|
| *Print Name of Representative* Kiana Witcher | | /s/ *Kiana Witcher*   06/30/2023 *Signature*                        *Date* |

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is(are) able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date  6/8/23   Signature of Debtor's Attorney  */s/ Jonathon Carl Elgin*
Print Name of Debtor's Attorney   Jonathon Carl Elgin

PART V.    DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, detailed in Part B below, are not completed, the reaffirmation agreement is not effective, even though you have signed it.

## A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this Reaffirmation Documents package requiring signature, have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this reaffirmation agreement be effective?**

    a. **If you *were represented* by an attorney during the negotiation of your reaffirmation agreement**

        i. **if the creditor is not a Credit Union**, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it;

        ii. **if the creditor is a Credit Union**, your reaffirmation agreement becomes effective when it is filed with the court.

    b. **If you *were not represented* by an attorney during the negotiation of your reaffirmation agreement**, the reaffirmation agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement. If the judge decides that the reaffirmation agreement is in your best interest, the agreement will be approved and will become effective. However, if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your reaffirmation agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the reaffirmation agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

## B. INSTRUCTIONS

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your reaffirmation agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B2400B to do this.

## C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs arising on or before the date you sign this agreement that you are agreeing to pay. Your credit agreement may obligate you to pay additional amounts that arise after the date you sign this agreement. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this agreement.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

— THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**LAW 553-OH-ARB-ea 9/17**

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

Dealer Number ▇▇▇▇▇▇    Contract Number ▇▇▇▇▇▇

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| JASMINE ESTES<br>302 SPRING STREET<br>Mansfield, OH 44902 RICHLAND | N/A | Medina Management Co<br>3205 MEDINA ROAD<br>MEDINA, OH 44256 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Mileage | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| Used | 2017 | Kia Sorento | 5XYPGDA50HG211653 | ☐ estimate<br>☒ actual<br>74829 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural    ☐ _____ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 2,500.00 is |
|---|---|---|---|---|
| 13.95 % | $ 9,239.12 | $ 19,067.68 | $ 28,306.80 | $ 30,806.80 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 393.15 | Monthly beginning 01/13/2021 |
| N/A | N/A | N/A |

Or As Follows: N/A

**NOTICE:** ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __20__ or __5__ % of each installment, whichever is __greater__.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X  A  /s/ Jasmine Est
Co-Buyer Signs X  A  N/A

**WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

LAW 553-OH-ARB-ea 9/17 v1    Page 1 of 5
— THIS CUSTOMER COMPLETED COPY WAS CREATED ON 12/19/2020 03:31:50 PM GMT
23-60492-maw    Doc 10    FILED 06/30/23    ENTERED 06/30/23 18:44:35    Page 10 of 15

## ITEMIZATION OF AMOUNT FINANCED

| # | Description | Amount |
|---|---|---|
| 1 | Cash Price of vehicle, accessories, and taxes | $ 17,883.68 (1) |
| 2 | Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts): | |
| A | Government taxes not included in line 1 above | $ N/A |
| B | Government license and/or registration fees — License Fee | $ 20.00 |
| C | Government certificate of title fees | $ 15.00 |
| D | Net trade-in payoff to N/A | $ N/A |
| E | Optional Gap Contract | $ 899.00 |
| F | Documentary Fee | $ 250.00 |
| G | Other Charges (Seller must identify who is paid and describe purpose.) | |
| | to POWERTRAIN CARE PLUS for Service Contract | $ 2,500.00 |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | to N/A for N/A | $ N/A |
| | Total other charges and amounts paid to others on your behalf | $ 3,684.00 (2) |
| 3 | Total cash price (1 + 2) | $ 21,567.68 (3) |
| 4 | Downpayment | |
| | Trade-in N/A (Year) N/A (Make) N/A (Model) | |
| | Gross trade-in $ N/A -payoff by seller | $ N/A |
| | = net trade-in $ N/A +cash | $ 2,500.00 |
| | +other (describe) Rebates | $ 0.00 |
| | Total downpayment = (if negative enter "0" and see line 2D above) | $ 2,500.00 (4) |
| 5 | Unpaid balance of cash price (3 minus 4) | $ 19,067.68 (5) |
| 6 | Insurance | |
| A | Cost of optional credit insurance paid to insurance company or companies | |
| | Life | $ N/A |
| | Disability | $ N/A / $ N/A |
| B | Other optional insurance paid to Insurance Company or Companies | $ N/A |
| | Total insurance charges | $ N/A (6) |
| 7 | Amount financed (principal balance) (5 + 6) | $ 19,067.68 (7) |
| 8 | Finance charge | $ 9,239.12 (8) |
| 9 | Total of payments (time balance) (7 + 8) | $ 28,306.80 (9) |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____N/A_____, Year __N/A__. SELLER'S INITIALS __N/A__

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 2E of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos. Name of Gap Contract: SAFE-GUARD

I want to buy a gap contract.
Buyer Signs X B /s/ Jasmine B

### Limited Right to Cancel
☐ If checked, a limited right to cancel applies:
You agree that we have ___N/A___ days from the date you sign this contract to assign this contract. If we are unable to assign this contract within this time period, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period. **Please see page 4 of this contract for important terms of this limited right to cancel.**

Buyer Initials C /JE / Co-Buyer Initials C N/A

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
### Optional Credit Insurance
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ __N/A__
Credit Disability $ __N/A__
Insurance Company Name: N/A
Home Office Address: N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 6A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance
☐ N/A Type of Insurance / N/A Term
Premium $ N/A
Insurance Company Name: N/A
Home Office Address: N/A

☐ N/A Type of Insurance / N/A Term
Premium $ N/A
Insurance Company Name: N/A
Home Office Address: N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

xD N/A Buyer Signature / N/A Date
xD N/A Co-Buyer Signature / N/A Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Amount of Security Interest Recording Fee Paid in Cash
$ N/A

**Returned Check Charge:** You agree to pay a charge not to exceed $20 if any check you give us is dishonored.

LAW 553-OH-ARB-ea 9/17 v1    Page 2 of 5
THIS CUSTOMER COMPLETED COPY WAS CREATED ON 12/19/2020 02:31:50 PM GMT
23-60492-maw    Doc 10    FILED 06/30/23    ENTERED 06/30/23 18:44:35    Page 11 of 15

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract, on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **Your right to refinance an irregular payment schedule.** An irregular payment schedule is one with payments not scheduled to be paid in substantially equal consecutive payments. If you have an irregular payment schedule and if you are buying the vehicle primarily for personal, family, or household use, you may refinance this contract without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may exercise our rights under this contract, or if we choose, buy physical damage insurance covering our interest in the vehicle. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once (accelerate). Default means:
      1. You do not pay any payment on time;
      2. You give false, incomplete, or misleading information on a credit application;
      3. You start a proceeding in bankruptcy or one is started against you or your property; or
      4. You break any agreements in this contract.
      
      If your only default is that you did not pay a payment on time, we may accelerate this contract only if your default continues for at least 30 days. Otherwise, we may accelerate any time after you default. Our right to accelerate is subject to any right the law gives you to reinstate this contract.
      
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   d. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

e. **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the greater of the Annual Percentage Rate shown on the front of this contract, or the highest rate the law permits.

f. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

5. **APPLICABLE LAW**
Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

**Limited Right to Cancel**

a. We agree to deliver the vehicle to you on the date this contract is signed by us and you. You understand that it may take a few days for us to verify your credit and assign this contract. You agree that we have the number of days stated on page 2 of this contract to assign this contract. If we are unable to assign this contract within this period of time to any one of the financial institutions with whom we regularly do business, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period.

b. We will notify you if we cannot assign this contract and if we elect to cancel this contract. Upon receipt of such notice, you must comply with "Buyer's Obligations" described below and we must give back to you all consideration we have received in accordance with the terms of the Buyers Order.

c. Buyer's Obligations: If we do not assign the contract within the time described above, and you or we cancel this contract as provided above, you must return the vehicle to us immediately in the same condition as when sold, reasonable wear and tear excepted. You agree to pay us the cost of repairing any damage occurring to the vehicle while it is in your possession and to hold us harmless from any expenses, costs and fees arising out of any act pertaining to the operation of the vehicle while it is in your possession. If the vehicle is immobilized or impounded while in your possession, you agree to do whatever is necessary to ensure the vehicle's return to us. If you do not return the vehicle immediately, you will be liable for all expenses incurred by us in taking the vehicle from you. If you fail to return the vehicle, we may use any legal means to take it back.

d. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle.

e. Nothing in this section gives you the right to cancel this contract for reasons unrelated to our assignment of this contract.

---

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees, if this contract is subject to the limited right to cancel described on page 2, or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs **X E** *jermine w*  Co-Buyer Signs **X E** N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision below, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs **x F** *jermine w*   Date 12/09/2020   Co-Buyer Signs **x F** N/A   Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **xH** N/A   Address N/A
Seller signs Medina Management Co   Date 12/09/2020   By **x F** *il*   Title F&I Manager

### ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

| Seller assigns its interest in this contract to | Global Lending Services LLC | (Assignee) under the terms of Seller's agreement(s) with Assignee. |
|---|---|---|
| Assigned without or with limited recourse | | Assigned with recourse |
| Seller Medina Management Co  By **G** *il*  Title F&I Manager | Seller N/A | By N/A   Title N/A |

**LAW** FORM NO. 553-OH-ARB-ea (REV. 9/17)
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM.
CONSULT YOUR OWN LEGAL COUNSEL.



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Global Lending Services

## Lien and Title Information

### Account Information

| | | | |
|---|---|---|---|
| **Account Number** | ■■■■■ | **Financed Date** | 12/11/2020 |
| **Loan Number** | ■■■■■ | **Perfected Date** | 12/21/2020 |
| **Branch** | | **Payoff Date** | |
| **Borrower 1** | ESTES, JASMINE | **Dealer ID** | ■■■■■ |
| **Borrower 2** | | **Dealer** | Medina Auto Mall |
| **Borrower Address** | 302 SPRING ST<br>MANSFIELD, OH 44902 | **Dealer Address** | 3205 Medina Rd<br>Medina, OH 44256 |

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | ■■■■■ |
| **Lienholder** | GLOBAL LENDING SERVICES LLC |
| **Lienholder Address** | P O BOX 311<br>WILLIAMSVILLE, NY 14231 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 5XYPGDA50HG211653 | **Issuance Date** | |
| **Title Number** | 1813363133 | **Received Date** | 12/21/2020 |
| **Title State** | OH | **ELT/Paper** | ELECTRONIC |
| **Year** | 2017 | **Odometer Reading** | 74829 |
| **Make** | KIA | **Branding** | |
| **Model** | | | |
| **Owner 1** | JASMINE ESTES | | |
| **Owner 2** | | | |
| **Owner Address** | 302 SPRING ST<br>MANSFIELD, OH 44902 | | |

**Printed:** Thursday, June 22, 2023 8:26:51 AM PST